Horace B. Hooker and Another, Respondents, v. City of Auburn, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Charles Chamberlain, Appellant, v. Sarah Graves and Others, Respondents.— Motion granted and decision heretofore and on the 11th day of June, 1913, made herein modified so as to allow to the guardian ad litem the sum of thirty dollars for his costs and disbursements on the appeal.

Sarah Di Marco, Respondent, v. The Buffalo and Fort Erie Ferry and Railway Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Anna Peczynska, an Infant, etc., Respondent, v. Statler's Restaurant, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Silas W. Foster, Appellant, v. Thousand Island Park Association, Respondent.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

John Brydges, Respondent, v. Sanitary Can Company, Appellant.— Motion for reargument denied, with ten dollars costs.

Bernard J. Carr, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Antonio Petrolino, Respondent, v. Buffalo, Lockport and Rochester Railway Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Harry K. Brown, Plaintiff, v. Eliza Faulkner and Others, Appellants. (Ethel M. Terry, Purchaser, Respondent.) — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied.

In the Matter of the Application for the Removal from Office of Bernard J. McAleese, City Judge of the City of Lackawanna.— Order entered removing the said Bernard J. McAleese from office as city judge of the city of Lackawanna. Held, on the uncontradicted evidence it appears that the defendant did for many months fail to pay over the fines collected by him to the city treasurer as required by the charter.* His failure so to do constituted a violation of his duty as a public officer, and, being wholly unexplained or excused, justifies and requires his removal from office. All concurred.

* See Laws of 1909, chap. 574, § 278.— [REP.